FILED
2012 SEP 26 PM 3:53
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL DEPOSIT INSURANCE )
CORPORATION, as Receiver for Integra )
Bank, N.A., )
 )
                                ) MISCELLANEOUS ACTION
         Plaintiffs, )
                                ) Case No. 6:12-MC-108-ORL-31TBS
     v. )
                                ) Principal case pending in Southern
FIDELITY AND DEPOSIT COMPANY ) District of Indiana, Civil Action No.
OF MARYLAND, ) 3:11-cv-00019-RLY-WGH
 )
         Defendant. )

**PLAINTIFF FDIC-RECEIVER'S MOTION FOR DISCLOSURE OF
GRAND JURY MATERIALS AND MEMORANDUM OF LEGAL AUTHORITY**

Pursuant to Federal Rule of Criminal Procedure 6(e)(3(E)(i) Plaintiff Federal Deposit Insurance Corporation, as Receiver for Integra Bank, N.A. ("FDIC-Receiver"), by its undersigned counsel, respectfully requests the Court to issue an order directing the disclosure of matters occurring before a grand jury investigation into the illegal conduct of Louis J. Pearlman and others. In support of its motion, FDIC-Receiver states the following:

    1.     Effective from July 1, 2007 to July 1, 2010, Integra Bank was insured under a "Financial Institution Select Bond" issued by the Fidelity and Deposit Company of Maryland (or "F&D"). Coverage "A" provides that an "Insured" shall be indemnified for "[l]oss resulting directly from dishonest or fraudulent acts committed by an employee."

2. On February 11, 2011, Integra Bank initiated a proceeding against F&D in the Southern District of Indiana seeking damages and declaratory relief to recover under bond coverage "A." Integra (since replaced as plaintiff by the FDIC-Receiver) seeks indemnification related to eight fraudulent and dishonest loans orchestrated by an Integra loan officer, Stuart Harrington ("Harrington"), at the behest of Louis J. Pearlman ("Pearlman").

3. F&D denied coverage for these losses in part because F&D wrongfully claimed that there was no evidence that Harrington was involved in Pearlman's fraudulent scheme while he was employed at Integra.

4. On or about June 27, 2007, a grand jury convened in the Middle District of Florida and returned a criminal indictment against Pearlman relating to the execution of an elaborate scheme to defraud FDIC-insured financial institutions, including Integra Bank. The indictment was filed in United States District Court for the Middle District of Florida and assigned case number 6:07-cr-00097-GKS-DAB.

5. Upon information and belief, the investigation into Pearlman's scheme resulted in the grand jury's acquisition of documents and information pertaining to Harrington's relationship with Pearlman and Harrington's involvement in the scheme. These records are currently in the possession of the U.S. Attorney's Office for the Middle District of Florida, Orlando Division.

6. Under the Federal Rules of Criminal Procedure, a court may authorize disclosure of matters occurring before a grand jury preliminarily to or in connection with a judicial proceeding upon a showing that the material is "(a) necessary to avoid a

possible injustice in another judicial proceeding, (b) the need for disclosure is greater than the need for continued secrecy, and (c) the request is structured to cover only necessary material." *In re Grand Jury*, 117 F. App'x 527, 530 (9th Cir. 2004) (citing *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979)); see also Fed. R. Crim. P. 6(e)(3)(E)(i). The Rule permits the disclosure of materials for use in civil litigation. *Lafayette County, Miss. v. Total Plan Servs., Inc.*, No. 3:07CV98, 2009 WL 3823184, at *1 (N.D. Miss. Nov. 12, 2009).

7. The FDIC-Receiver has a substantial, particularized need for the requested grand jury materials that outweighs any continued interest in grand jury secrecy. Information regarding Harrington's involvement in Pearlman's scheme, both during and after his employment at Integra, will assist the FDIC-Receiver in proving its coverage "A" claims.

8. As part of its own investigation, Integra learned that Harrington, while an employee of Integra and in collusion with Pearlman and others, submitted fraudulent financial statements, tax returns, and other information to Integra to fraudulently obtain numerous loans for and on behalf of Pearlman and certain of the Pearlman Related Companies.

9. Integra conducted a deposition of Pearlman on June 15-16, 2010 and July 27-28, 2010. Pearlman consistently and credibly testified that Harrington had to have known that the financial statements, tax returns, and other information submitted by Pearlman and the Pearlman Related Companies to Integra as part of the loan underwriting process were false and misleading.

10. Pearlman also testified that Harrington likely received payments from Pearlman's associates to ensure that Integra accepted the fraudulent financial documents. Harrington's bank records, showing large deposits in excess of his regular income, corroborate Pearlman's testimony. In addition, Pearlman testified that Harrington received valuable gifts as compensation for his participation in the fraud.

11. Integra conducted a deposition of Harrington on May 25, 2010. Harrington asserted his Fifth Amendment right against self-incrimination and, with the exception of some basic personal information, refused to answer any questions related to his employment history and involvement with Pearlman, associates of Pearlman, or the Pearlman Related Companies. The assertion of the Fifth Amendment by a key witness is one circumstance that justifies disclosure of grand jury transcripts under Rule 6(e). *In re Corrugated Container Antitrust Litig.*, 687 F.2d 52, 57 (5th Cir. 1982) (affirming disclosure of grand jury testimony where key witnesses asserted the Fifth Amendment in depositions).

12. Evidence collected during the grand jury investigation is necessary to further corroborate Pearlman's testimony and to clarify the bank records that Integra has obtained to date. Although the FDIC-Receiver obtained bank records indicating that Harrington received thousands of dollars beyond his Integra salary, tracing the source of those funds has proven challenging due to the fact that the relevant bank records are from the 1997-2000 time period. The FDIC-Receiver has subpoenaed bank records related to suspicious deposits originating from five different banks. Each bank, however, notified the FDIC-Receiver that it no longer retained records from the requested time period.

Since the grand jury investigation began several years ago, it is likely that the grand jury was able to obtain bank records that are no longer in the banks' possession.

13.     Additionally, the FDIC-Receiver expects that the grand jury materials will contain correspondence between Harrington, Pearlman, and Pearlman's co-conspirators that will provide further evidence of Harrington's knowing involvement in the scheme during the time he was employed at Integra. Even correspondence between these parties after Harrington left Integra potentially will provide evidence of Harrington's knowledge, intent, motive, and opportunity to further Pearlman's scheme while at Integra. Accordingly, the grand jury materials are expected to contain non-duplicative evidence that will assist the FDIC-Receiver in proving its claims against F&D and recovering the insurance proceeds to which it is entitled.

14.     The FDIC-Receiver's need for disclosure greatly outweighs any need for continued secrecy. Generally, once a grand jury has returned an indictment, the accused has been apprehended and the grand jury has been discharged, "the veil of secrecy surrounding grand jury proceedings may safely be lifted where justice requires." *In re Grand Jury Investigation, Ven-Fuel*, 510 F. Supp. 1047, 1053 (M.D. Fla. 1981); *see also In re Grand Jury*, 583 F.2d 128, 130-31 (5th Cir. 1978) (Permitting disclosure because "[t]he indicted will not flee; the investigation has not been impeded; witnesses cannot be bribed or intimidated; it is less likely that an innocent person will suffer injury to his reputation."). Pearlman pled guilty over four years ago and has been sentenced to 25 years in Federal prison. Any remaining need for secrecy is outweighed by the FDIC-Receiver's need for the investigative materials.

15. Counsel for the FDIC-Receiver contacted AUSA Roger Handberg of the United States Attorneys' Office in the Middle District of Florida and requested the grand jury materials described herein. Mr. Handberg confirmed that he could not disclose the materials without an order from the court. The FDIC-Receiver now seeks such an order.

16. Accordingly, the FDIC-Receiver requests access to all grand jury materials relating to Harrington's relationship with Pearlman and Harrington's knowledge of or involvement in Pearlman's scheme, both before and after Harrington left Integra Bank, including all bank records related to Harrington, Pearlman, Pearlman's entities, and Pearlman's associates.

FDIC-Receiver respectfully requests that the Court grant its Motion for Disclosure of Grand Jury Materials and order the U.S. Attorney's Office in the Middle District of Florida, Orlando Division, to produce these records to FDIC-Receiver.

Dated: September 25, 2012

Respectfully submitted,

SCHIFF HARDIN LLP

*/s/ Michael K Wolensky*

Michael K. Wolensky
Florida Bar No. 0149828
One Atlantic Center, Suite 2300
1201 West Peachtree Street NW
Atlanta, GA 30309
T: (404) 437-7000
F: (404) 437-7100
mwolensky@schiffhardin.com

TRIAL COUNSEL

Attorney for the FDIC as Receiver for Integra Bank, N.A.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Integra Bank, N.A., | ) ) ) ) |
| Plaintiffs, | ) MISCELLANEOUS ACTION ) |
| v. | ) Case No. ) |
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND, | ) Principal case pending in Southern ) District of Indiana, Civil Action No. ) 3:11-cv-00019-RLY-WGH |
| Defendant. | ) ) |

CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2012, a copy of the foregoing **Plaintiff FDIC-Receiver's Motion for Disclosure of Grand Jury Materials and Memorandum of Legal Authority** was served on the following parties by electronic mail and U.S. First Class Mail, postage pre-paid:

Scott Schmookler
Regina A. Ripley
GORDON & REES LLP
One North Franklin, Suite 800
Chicago, Illinois 60606
sschmookler@gordonrees.com
rripley@gordonrees.com

Roger Handberg
U.S. ATTORNEY'S OFFICE
Orlando Division
501 West Church Street
Suite 300
Orlando, FL  32805

Ross E. Rudolph
RUDOLPH FINE PORTER & JOHNSON
221 N.W. Fifth Street, 2nd Floor
P.O. Box 1507
Evansville, IN 47706-1507
Email: rer@rfpj.com

[Signature on following page]

[Signature page to "Certificate of Service"]

*/s/ Michael K. Wolensky*
Michael K. Wolensky
Florida Bar No. 0149828

One Atlantic Center, Suite 2300
1201 West Peachtree Street, NW
Atlanta, GA 30309
T: (404) 437-7000
F: (404) 437-7100
mwolensky@schiffhardin.com

TRIAL COUNSEL

Attorney for the FDIC as receiver for
Integra Bank, N.A.

CH2\11742386.2